JACOB IMBERMAN et al., Plaintiffs, *v.* HENRY M. ALEXANDER et al., Defendants.

Supreme Court, Special Term, New York County, October 9, 1952.

*Samuel Hoffman, Bernard Buchwald* and *Irving Margolies* for plaintiffs.

*Leo D. Fitzgerald* for Equitable Life Assurance Society of the United States, defendant.

*Davis Polk Wardwell Sunderland & Kiendl* for Nicholas Kelley and others, defendants.

*Milbank, Tweed, Hope & Hadley* for Joseph R. Boldt and others, defendants.

McNALLY, J. The defendant moves for an order pursuant to section 61-b of the General Corporation Law to compel plaintiffs to post security for the expenses for which it has or may become liable as a result of the institution of the actions herein consolidated and for such other relief as the court may deem proper. This consolidated action is brought in the right of Equitable Life Assurance Society of the United States by nine out of its more than 1,750,000 policyholders. Each policyholder is a member of Equitable and as such is entitled to one vote in the election of its directors. The relief sought is that the defendants other than Equitable shall jointly and severally account to Equitable for profits derived and received by them directly or indirectly and for the losses sustained by Equitable as a result of the acts and transactions alleged in detail in causes of action set forth in the consolidated complaint.

This application is based on section 61-b of the General Corporation Law, which provides for security for expenses to which the corporation may be subject under section 64 of the General Corporation Law at the instance of an officer or director who is made a defendant in an action such as this and who is exonerated of wrongdoing, and the contention that the fact that the corporation may be subject to section 64 expenses qualifies it for the security provided for by section 61-b. The plaintiffs argue that section 61-b security is available by its express provisions solely in actions brought by holders of shares **of stock or voting trust certificates.**

We assume for the purpose of this decision that the officers and directors of Equitable who are defendants herein may be entitled to section 64 expenses. Nevertheless, nothing in the legislative history of section 61-b indicates the intention of the Legislature to make coextensive sections 61-b and 64. A contrary intent is indicated for section 61-b is expressly confined to " any action * * * *by the holder or holders of less than five per centum of the outstanding shares of any class of such corporation's stock or voting trust certificates* ", whereas no sucn limitation is contained in section 64 which pertains to ·· Any person made a party to *any action,* suit or proceeding by reason of the fact that he * * * is or was a director, officer or employee of a corporation ''. (Emphasis supplied.)

In *White* v. *National Bondholders Corp.* (N. Y. L. J., Oct. 30, 1947, p. 1099, col. 2) Mr. Justice Botein, in a well considered opinion, held that the holder of a participation certificate entitling the owner to a prorata share in the distribution of the net proceeds of assets acquired by the liquidation of certain collateral trust bonds and other real estate securities was not covered by the statute in question and that the statute applied only to actions brought by stockholders or voting trust certificate holders. It would seem that the participation certificates in the *White* case more closely approximated the securities described in section 61-b than do the policies of insurance here involved.

The defendant's attempt to distinguish the *White* case by adverting to the fact that it was a representative rather than a derivative action is of no avail for Judge Botein's decision there was predicated on the fact that the plaintiff did not own stock or voting trust certificates and he specifically held '' there is no need to determine whether the action is a class action or one brought ' in the right of a corporation.' '' The Legislature alone has the power to extend the application of section 61-b to actions such as this. The motion is denied.